IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| CARLOS F. LUCERO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-1428-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

Carlos Lucero
12410 S. W. Foothill Drive
Portland, Oregon 97225

    Pro Se Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
1000 S. W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Adam F. Hulbig
U. S. Department of Justice
Ben Franklin Station
P. O. Box 683
Washington, D. C. 20044

    Attorneys for Defendant

KING, Judge:

Plaintiff Carlos Lucero filed a Petition to Quash Summons that the Internal Revenue Service served on Wells Fargo Bank to obtain records of Lucero's account. The government moves to dismiss Lucero's petition.

The government has the authority to issue summonses to obtain books, papers, records, or other data relevant to an investigation of a person's tax liability. 26 U.S.C. § 7602(a). The taxpayer may move to quash a summons issued to a third-party. Id. at § 7609(b). In response, the government may either move to enforce the summons or may move to dismiss the petition. If the petition is dismissed, the government may rely on the third party's voluntary compliance with the summons, without any court order. The government's motion to dismiss shifts the burden to the petitioner to establish a valid defense to the summons. Knauss v. United States, 28 F. Supp. 2d 1252, 1254 (S.D. Fla. 1998); Conrad v. United States, No. G89-50062, 1989 WL 165576, *1 (W.D. Mich. Nov. 9, 1989). The government's conduct is wrongful if it is outside the scope of its authority to summon as defined in § 7602. Conrad, 1989 WL 165576, *1.

///

///

Lucero did not respond to the government's motion and thus has not met his burden to establish a valid defense. Accordingly, the United States' Motion to Dismiss Petition to Quash Summons (#6) is granted. Lucero's Petition to Quash Summons is dismissed with prejudice.

IT IS SO ORDERED.

Dated this      2nd       day of December, 2005.

                                                           /s/ Garr M. King
                                                        Garr M. King
                                                        United States District Judge